ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER OF SEPTEMBER 10, 1993, REQUESTING AN ATTORNEY GENERAL OPINION ADDRESSING THE FOLLOWING QUESTION:
 IF TRUSTEES OF A PUBLIC UTILITY TRUST, OF WHICH A MUNICIPALITY IS THE BENEFICIARY, FAIL TO APPROVE AMENDMENTS TO THE TRUST'S ADOPTED BUDGET AND TO RECORD THE APPROVAL OF SUCH AMENDMENTS IN THE TRUST'S OFFICIAL MINUTES, AS REQUIRED BY 60 O.S. 176(G) (1992), WHAT IS THE PENALTY OR REMEDY FOR SUCH VIOLATION? IN PARTICULAR, BUT WITHOUT LIMITATION, ARE THE TRUSTEES AND/OR THE APPOINTED OFFICERS OF SUCH PUBLIC TRUST SUBJECT TO RE. OVAL FROM OFFICE PURSUANT TO 22 O.S. 1181 (1991) ET SEQ., 51 O.S. 91 (1991) ET SEQ., 62 O.S. 471 (1991) ET SEQ., AND/OR OTHER PROVISIONS OF OKLAHOMA LAW?
BECAUSE YOUR QUESTIONS MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUES RAISED CAN BE ADDRESSED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
PUBLIC TRUSTS ARE GOVERNED BY THE PROVISIONS OF 60 O.S. 176, ET SEQ. PURSUANT TO 60 O.S. 176(G) (1992):
 "(A)MENDMENTS TO THE ADOPTED BUDGET SHALL BE APPROVED BY THE TRUSTEES OF THE PUBLIC TRUST AND RECORDED AS SUCH IN THE OFFICIAL MINUTES OF SUCH TRUST."
YOUR QUESTION ESSENTIALLY ASKS WHAT REMEDIES ARE AVAILABLE SHOULD THE TRUSTEES FAIL TO APPROVE AND RECORD BUDGET AMENDMENTS? TITLE 60 O.S. 176.1(D) AND 60 O.S. 176.1(E) PROVIDES IN PERTINENT PART:
 "D) EXCEPT WHERE THE PROVISIONS OF THE TRUST INDENTURE OR OF 176 ET SEQ. OF TITLE 60 OF THE OKLAHOMA STATUTES OR OF ANY OTHER LAW WRITTEN SPECIFICALLY TO GOVERN THE AFFAIRS OF PUBLIC TRUSTS, EXPRESSLY REQUIRE OTHERWISE, THE AFFAIRS OF THE PUBLIC TRUST SHALL BE SEPARATE AND INDEPENDENT FROM THE AFFAIRS OF THE BENEFICIARY IN ALL MATTERS OR ACTIVITIES AUTHORIZED BY THE WRITTEN INSTRUMENT CREATING SUCH PUBLIC TRUST INCLUDING, BUT NOT LIMITED TO, THE PUBLIC TRUST BUDGET, EXPENDITURES, REVENUES AND GENERAL OPERATION AND MANAGEMENT OF ITS FACILITIES OR FUNCTIONS (.)
 (E) FOR ALL PURPOSES OF OKLAHOMA LAW, THE EXISTENCE AND VALIDITY OF ANY PUBLIC TRUST SHALL BE DETERMINED AND ESTABLISHED SOLELY BY THE PROVISIONS OF THE WRITTEN INSTRUMENT CREATING SUCH PUBLIC TRUST, AND BY THE PROVISIONS OF 176 ET SEQ., OF TITLE 60 OF THE OKLAHOMA STATUTES AND OF ANY OTHER LAW WRITTEN SPECIFICALLY TO CREATE A PUBLIC TRUST. ACTIONS TAKEN OR OMITTED BY THE TRUSTEES OF A PUBLIC TRUST SHALL NOT AFFECT THE EXISTENCE OR VALIDITY OF THE ENTITY AS A PUBLIC TRUST BUT SHALL BE SUBJECT TO SUBSEQUENT REVIEW OR RATIFICATION BY SAID TRUSTEES OR TO CORRECTION BY THE DISTRICT COURT IN A PROPER PROCEEDING."
MY READING OF THE ABOVE QUOTED PROVISIONS INDICATES THAT THE ACTIVITIES OF THE PUBLIC TRUSTS ARE GOVERNED BY 60 O.S. 176, ET SEQ., AND THE TRUST INDENTURE. UNDER SUBSECTION E, THE PROPER REMEDY WHEN TRUSTEES FAIL TO ACT IN COMPLIANCE WITH EITHER THE LAW OR TRUST INDENTURE IS TO SEEK REVIEW BY THE TRUSTEES OR THE PROPER DISTRICT COURT. CLEARLY, A DISTRICT COURT WOULD HAVE THE POWER TO ORDER THE TRUSTEES TO COMPLY WITH THE TRUST INDENTURE AND RELEVANT STATUTES.
REMOVAL OF TRUSTEES IS CONTROLLED BY 60 O.S. 178(E) WHICH PROVIDES IN PERTINENT PART:
 "TRUSTEES OF ANY PUBLIC TRUST MAY BE REMOVED FROM OFFICE FOR CAUSE, INCLUDING INCOMPETENCY, NEGLECT OF DUTY, OR MALFEASANCE IN OFFICE, BY A DISTRICT COURT HAVING JURISDICTION(.)"
AS TO OTHER STATUTORY PROVISIONS WHICH MIGHT AUTHORIZE REMOVAL, AN INITIAL DETERMINATION MUST BE MADE AS TO WHETHER A TRUSTEE IS A PUBLIC OFFICER.
TO BE A PUBLIC OFFICER THE POSITION MUST BE CREATED OR AUTHORIZED BY LAW, THERE MUST BE CERTAIN DEFINITE DUTIES IMPOSED BY LAW ON THE INCUMBENT AND THE DUTIES MUST INVOLVE THE EXERCISE OF SOME PORTION OF THE SOVEREIGN POWER. OKLAHOMA CITY V. CENTURY INDEMNITY COMPANY, 62 P.2D 94, 97 (OKLA. 1936).
A TRUSTEE CLEARLY POSSESSES AUTHORITY DERIVED FROM LEGISLATIVE INACTMENT AND PERFORMS DUTIES IMPOSED BY LAW. THEREFORE, TRUSTEES OF A TRUST CREATED PURSUANT TO 60 O.S. 176, ET SEQ. ARE PUBLIC OFFICERS. 60 O.S. 178(A) (1991).
IN L'ACQUARIUS V. HAMPTON, 642 P.2D 1143 (OKLA.1982), THE OKLAHOMA SUPREME COURT DELINEATED THE PROCEDURES FOR REMOVING PUBLIC OFFICERS:
 "PROCEEDINGS TO REMOVE PUBLIC OFFICIALS AND OFFICERS MAY BE HAD ONLY IN THE FOLLOWING MANNER:
 (1) IMPEACHMENT UNDER THE PROVISIONS OF ARTICLE VIII, SECTION 1, OKLAHOMA CONSTITUTION, 51 O.S. 51 ET SEQ;
 (2) ACCUSATIONS FOR REMOVAL FROM OFFICE PRESENTED BY A GRAND JURY PURSUANT TO 22 O.S. 1181 ET. SEQ.;
 (3) IN CASE OF A COUNTY OR TOWNSHIP OFFICER, AN ACCUSATION PRESENTED BY THE COUNTY COMMISSIONERS, 22 O.S. 1194;
 (4) PROCEEDINGS INSTITUTED BY THE ATTORNEY GENERAL UNDER THE PROVISIONS OF 51 O.S. 91 ET SEQ., AT THE DIRECTION OF THE GOVERNOR OR UPON NOTICE IN WRITING VERIFIED BY FIVE OR MORE REPUTABLE CITIZENS OF THE COUNTY."
THE OKLAHOMA CONSTITUTION AT ARTICLE VIII, SECTION 1
PROVIDES FOR IMPEACHMENT OF THE GOVERNOR, JUDGES, AND ELECTED STATE OFFICERS AND WOULD HAVE NO APPLICATION TO REMOVAL OF TRUSTEES OF A PUBLIC TRUST. HOWEVER, THE OTHER REFERENCED STATUTES SET FORTH THE CAUSES FOR REMOVAL FROM OFFICE AND FURTHER CAREFULLY DEFINE THE METHODS AND PROCEDURES TO BE FOLLOWED IN EFFECTING SUCH REMOVAL. UNDER ALL OF THESE STATUTES THE REMOVAL DECISION IS BASED LARGELY ON FACTUAL DETERMINATIONS WHICH WOULD BE DIFFERENT IN EACH CASE. I HAVE NOT, THEREFORE, ATTEMPTED TO STATE AN OPINION AS TO WHETHER A SPECIFIC ACTION OR FAILURE TO ACT WOULD RESULT IN THE REMOVAL OF A TRUSTEE.
IN CONCLUSION, IT IS MY OPINION, THAT WHEN TRUSTEES OF A PUBLIC TRUST FAIL TO COMPLY WITH THE PROVISIONS OF THE TRUST INDENTURE, 60 O.S. 176, ET. OR SOME OTHER PROVISION OF OKLAHOMA LAW, THE REMEDY IS TO SEEK REDRESS IN THE APPROPRIATE DISTRICT COURT. GIVEN THE FACT THAT TRUSTEES ARE PUBLIC OFFICIALS, THEY MAY BE REMOVED PURSUANT TO 22 O.S. 1181 ET SEQ., 22 O.S. 1194, 51 O.S. 91, ET SEQ., AND PURSUANT TO THE SPECIFIC PROVISIONS CONTAINED IN 60 O.S. 178(E), PROVIDED GROUNDS FOR REMOVAL EXIST.
(DOUGLAS F. PRICE)